Pavel Yutsis Physician, P.C., et al., Respondents, v Staten Island University Hospital et al., Appellants. [849 NYS2d 642]—

In an action to recover damages for breach of contract, the defendants appeal from (1) an order of the Supreme Court, Kings County (Harkavy, J.) dated December 4, 2006, which granted the plaintiffs' post-verdict motion "for a hearing to determine the amount due to plaintiffs from defendants under [the parties' contract] for the period January 1, 2002 through February 20, 2002" to the extent of directing the entry of judgment in the principal sum of $441,697.12 in favor of the plaintiffs and against them, and (2) a judgment of the same court dated January 20, 2007, which, upon the order, is in favor of the plaintiffs and against them in the principal sum of $441,697.12.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed, on the law, the plaintiffs' post-verdict motion is denied, the complaint is dismissed, and the order is modified accordingly; and it is further,

Ordered that one bill of costs is awarded to the defendants.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see Matter of Aho, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501 [a] [1]).

In April 1999 the plaintiffs entered into a "clinic services" agreement with the defendants to provide administrative and professional services to six health care clinics operated by the defendants in Brooklyn and the Bronx. Based upon what they believed were improper billing and business practices, the defendants issued a letter dated February 20, 2002 to the plaintiffs which terminated the agreement.

The amended complaint alleged that the defendants breached their contract with the plaintiffs by failing to pay the sum of $290,000 relating to services the plaintiffs performed in January 2002 and by failing to pay the sum of $250,000 relating to services the plaintiffs performed between February 1, 2002 and February 20, 2002. In pre-trial proceedings, the Supreme Court

dismissed the plaintiffs' equitable claims and directed a jury trial. The jury ultimately rendered its verdict in favor of the defendants after the conclusion of the "liability phase" of the bifurcated trial, finding that it was the plaintiffs that had breached the agreement, not the defendants.

The plaintiffs then made a post-verdict motion in which they requested "a hearing to determine the amount due to plaintiffs from defendants under [the parties' contract] for the period January 1, 2002 through February 20, 2002." For reasons not clear on this record, this portion of the breach of contract cause of action was not submitted to the jury for its consideration. In response to this post-verdict motion, the Supreme Court, in an order dated May 3, 2006, in effect, required the defendants to produce certain evidence that had not been adduced at trial and directed the defendants to furnish a "final reconciliation" which had been mentioned in the plaintiffs' February 20, 2002 termination letter. The defendants, over objection, complied and produced voluminous records. Based on these post-verdict submissions, on December 4, 2006, the trial court issued an order finding the plaintiffs entitled to judgment in their favor in the principal sum of $441,697.12. Judgment was entered in that amount and the defendants appeal. We reverse.

Reversal is required on the ground that the Supreme Court had no authority, after the jury trial had concluded with a verdict in favor of the defendants, to compel the defendants to produce additional evidence and then, based on such evidence, issue a judgment in favor of the plaintiffs. The CPLR does not authorize this procedural course of action.

The plaintiffs' remaining contentions are without merit. Rivera, J.P., Spolzino, Carni and McCarthy, JJ., concur.